IN THE UNITED STATES DISTRICT COURT of the WESTERN DISTRICT of VIRGINIA:

name: MR. GARY WALL
number: 1133749
Place of Confinement: RED ONION STATE PRISON,
POST OFFICE BOX 1900; POUND, VIRGINIA 24279-1900

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 26 2021

JULIA C. DUDLEY, CLERK
BY: A. Beeson
DEPUTY CLERK

dated: December 20th, 2020

MR. GARY WALL #1133749
Plaintiff

v.

MARK E. ENGELKE; VADOC Director of Food Service; et alii;
Marie M. VARGO; Corrections Operations Administrator Legislative Liaison;
A. FULLER; Assistant Warden of R.O.S.P.
Defendant(s)

42 U.S.C. Civil Action Complaint
Civil Action no. 7:21CV52 TC
(to be Supplied by the Clerk)

## I. JURISDICTION & VENUE:

1. This is a civil action authorized by 42 U.S.C. § 1983, to redress the deprivations, under color of State Law, of rights secured by the Constitution of the UNITED STATES. The court has jurisdiction under 28 U.S.C. § 1331, and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to U.S.C. § 2201, and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. § 2283, and 2284 and RULE 65, of the FEDERAL RULES OF CIVIL PROCEDURE.

2. The UNITED STATES DISTRICT COURT of the WESTERN DISTRICT of VIRGINIA; is an appropriate venue under 28 U.S.C. § 1391(b)(2), because it is where the events giving rise to this claim occurred.

## II. PLAINTIFF:

3. Plaintiff, MR. GARY WALL #1133749, is and was at all times mentioned herein a prisoner of the State of VIRGINIA in the custody in the VIRGINIA Department of Corrections. He is currently confined in RED ONION STATE PRISON, in POUND, VIRGINIA.

## III. DEFENDANTS:

4. Defendant MARK E. ENGELKE, is was the Current Director of Food Service of the Virginia Department of Corrections. Who's duties are prescribed by Operating Procedure 841.3 X B #3 (See: Attached #5, at page 19) He is legally responsible for approving or disapproving Offenders' written request of a Kosher diet option in the VIRGINIA Department of Corrections and each institution under its jurisdiction, including RED ONION STATE PRISON.

5. Defendant MARIE M. VARGO, is the Current Corrections Operations Administrator Legislative Liaison of the Virginia Department of Corrections. Who's duties are prescribed by Operating Procedure 866.1 VI C #2(a) (See: Attached #2, at page 10) being Designatedly responsible for reviewing and responding to all Level-II, Grievances, the Compliance with established policies in the Virginia Department of Corrections and each institution under its jurisdiction, including RED ONION STATE PRISON, at all times mentioned in this Complaint.

6. Defendant A. FULLER, is employed by the Virginia Department of Corrections who, at all times mentioned in the Complaint held the position of: Assistant Warden, being Designatedly responsible for receiving and responding to all Level-I, Grievances, the Compliance with established policies and laws who's duties are ...

(CONTINUED ON NEXT PAGE)

(1) (page: one of: 6)

c.c. file
42 U.S.C. 1983, COMPLAINT
Continuation of: III..DEFENDANTS, at paragraph #6, of page: one

(CONTINUATION OF: III. DEFENDANTS, at paragraph #6, of PAGE: ONE) are prescribed by Operating Procedure 866.1 IV C #1(a) (See: attached #2, at page 10) was assigned to RED ONION STATE PRISON.

7. Each defendant is sued individually and in his or her official capacity. At all times mentioned in this Complaint each defendant acted under the Color of State law).

IV. STATEMENT OF FACTS:

8. Plaintiff has been a recognized Sincere adherent of the NATION OF ISLAM ("N.O.I.") Since 2009, as established in WALL v. WADE, 741 F.3d 492 (C.A.4 (Va.) 2014) (See: attached #3) and at all times in this Complaint a recognized Religious Sect within the Virginia Department of Corrections that adhere to a Kosher or halal diet.

9. It is Clearly established in the Fourth Circuit Case law that the initial Common fare diet provided in the Virginia Department of Corrections meet the dietary requirements for a variety of Religions like Jewish and Muslim observers (See: Madison v. Virginia, 474 F.3d 118, 123 (4th Cir. 2006). Also See: Acosilla v. Angelone, No. 7:01-cv-01009, 2006 U.S. Dist. LEXIS 62574, at *12-13, 2006 WL 930731, at *4 (W.D. Va. Sept. 1, 2006).

10. Like Jews and Muslims, members of the N.O.I. also observe dietary restrictions such as refraining from eating pork or pork by products. They also don't eat Scavenger animals, such as Crabs or Catfish. A kosher or halal diet generally Conforms to their dietary structures. It is also Clearly established and recognized by the VADOC that N.O.I. observers Should refrain from eating other such foods as Sweet potatoes; Kale; lima beans and Turnips etc. but this has only been observed during the Month of RAMADANS' month of fasting in accordance with CHAPTER 4: Food Service Manual, Section IV B #2 e its thereto (x) (See: attached #1, at page 3) Disregarding the available teachings from "How to EAT TO LIVE", for an N.O.I. Observer all year round.

11. As early as JUNE 20th 2019, the now available Common fare diet meal has become so Bastardized and adulterated that it no longer met the N.O.I. (nor the Orthodox Jewish) dietary laws, Teachings or Standards as it once did prior, because of these Changes made (See: attached #4(a))

12. As of MAY 1st 2019, the Virginia Department of Corrections now provided a Kosher prepackaged meal available to the Orthodox Jewish Religious Sect, identical to the initial Common fare diet that was provided when plaintiff initially requested a Kosher diet in 2009 (See: attached #7(a)) and was provided the initial Common fare diet (See: attached #7(a)) because it observed the Strict Conservative dietary laws of both a Kosher or halal practices in the Slaughtering and preperation of meals; in the Cultivating and manufacturing and process of produce dietary products; in the Cooking, processing and Service of foods or meals which makes the available prepackaged Kosher or halal diet...

(CONTINUES ON NEXT PAGE)

(2) (page: two of: 6)

E.C. File
42 U.S.C. §1983, COMPLAINT
Continuation of: IV. STATEMENT OF FACTS, at paragraph #12, of page: Two

(CONTINUATION OF: IV. STATEMENT OF FACTS, at paragraph #12, of page: Two) meals ritually fit for me, as an N.O.I. observer, according to plaintiff's Sincerely held Religious beliefs and teachings from "HOW TO EAT TO LIVE", Recognized by VADOC as early as 1983, in the Fourth Circuit Case <u>Brown et. allii. v. Landon et. allii</u>; No. 81-0853 (E.D. Va.) Settlement Agreement (See: attached #8, at #19, on page 12)

13. In accordance with OPERATING PROCEDURE 841.3 IX B #2 & #3(a), and CHAPTER 4: FOOD Service Manual section IV C #2, governing a request for a Kosher "Orthodox Jewish Diet," I Simply need to write and Request this diet with no other Requirements indicated (See: attached #5, at page 19, and attached #1, at page 7)

14. On or about October 10th 2019, Plaintiff initially requested a Kosher diet while housed at SKISP on a Medical Transfer, in accordance with OP-841.3: OFFENDER RELIGIOUS PROGRAMS to the Director of Food Service, MARK E. ENGELKE ("ENGELKE") requesting to be placed on the available Kosher diet indicating: "For Health and Religious purposes ... because of the Current cinages to the Common fare diet including (serving) Several items I should not be eating according to my Religious beliefs... I'm looking for a more Kosher diet". My request for the Kosher diet was denied on or about January 17th 2020, by Engelke indicating in his memorandum: "I am Denying your request because it does not meet the Standard to be on the diet"... (See: attached #9). AFTER addressing how the now available Common fare diet continues to Serve prohibited food items according to my Sincerely religious beliefs and ~~Foreign~~ teachings

15. On January 20th 2020, I appealed the Arbitrary denial of this available Kosher diet by utilizing the available Offender Grievance process that was logged as R.O.S.P.-20-REG-00013 (See: attached #10 (a)-(c))

16. On FEBRUARY 6th 2020, I received the Level-I, response from the designated responsible Assistant Warden A. FULLER ("FULLER") in accordance with Operating Procedure 866.1 III VI C #1 (a) (See: attached #2, at page 9) up-holding Mr. Engelkes' Arbitrary Denial of this Diet request (See: attached #10 (b)) and on FEBRUARY 10th 2020, I immediately Submitted my appeal to the Level-II, respondent indicating: "There is no established STANDARD" meshing this "Voluntary" diet available to offenders of a Muslim faith, at his (Engelkes') Arbitrary Discretion which Violates my Constitutional Rights (See: attached #10 (b))

17. On MARCH 3rd 2020, I received a response from the designated Level-II, respondent in accordance with Operating Procedure 866.1 VI C #2 (a) (See: attached #2, at page 14) Marie M. Vargo ("VARGO") the Corrections Operations Administrator Legislative Liaison, up-holding the Level-I's, decision to deny plaintiffs this diet request (See: attached #10 (c))

18. Upon my return to Red Onion on or about MARCH 6th 2020, during "In-take" I was informed by my Counselor she has never Seen the Director of Food Service approve a Kosher diet request to an offender...
(CONTINUED ON NEXT PAGE)

c.c. file
42 U.S.C. §1983, COMPLAINT
Continuation of: IV. STATEMENT OF FACTS, at paragraph #18, of page: three

(CONTINUATION OF: IV. STATEMENT OF FACTS, at paragraph #18, of page: three) observing any Muslim Religion and informed by the Chaplain when she contacted him that "I could NOT participate in the up-coming RAMADAN if I start receiving a Kosher diet and I needed to pick-one". Since this was supported by my actual knowledge of Prior N.O.I.; D.G.E.; or Muslim offenders who requested this diet being DENIED, I was substantially burden with choosing between observing my N.O.I. Religion or receiving a "Voluntary" meal consistent with my recognized Religious scruples and teachings (NOT just during the RAMADAN observance) that was available. This was later reaffirmed on December 20th, 2020, by the Chaplain via Request form (See: attached #11)

19. To the Best of my knowledge and belief, No other offender at R.O.S.P. who I have personally known to have requested a Kosher diet that observe any other Islamic Religion (i.e. Sunni Muslim; N.O.I.; N.G.E.; or F.O.I.) Recognized by the dietary teachings in "HOW TO EAT TO LIVE", has been approved for this available Kosher diet without having to DENOUNCE their Islamic Religious affiliation first (such as myself) which poses an Substantial burden on exercise of inmates' Sincerely-held (N.O.I.) beliefs under 42 U.S.C. §2000 cc-2(b), and Free Exercise Clause under the First Amendment with restrictions significantly inhibited or constrained their conduct or expression, meaningfully curtailed their ability to express adherence to their faith, or denied them reasonable opportunities to engage in those activities that were ~~fundamentally~~ fundamental to their religion, such as participating in Ramadan or any other available Obligatory Islamic Religious Service while receiving the Kosher diet (See: attached #11)

20. To confirm my Religious preference as an N.O.I. observer was the ONLY reason I was arbitrarily being denied my request for a Kosher diet, during the second Quarter, in I was forced to change my Religious affiliation to a Jewish Sect and was immediately approved on October 9th, 2020, for this available Kosher diet (See: attached #11, and #12)

V. EXHAUSTION OF LEGAL REMEDIES:

21. Plaintiff Mr. GARY WALL #1133749, did use the prisoner Grievance Procedure available at Red Onion State Prison to try and solve the problem presented in this Complaint. In August 6th, 2019, Plaintiff Mr. Gary Wall #1133749, presented the facts of being served prohibited food items on the changed Common fare diet and attached the necessary Informal Receipt in accordance with OP-866.1 V.A #3, (See: attached #2, at page 7) that was STILL denied process and was up-held on August 20th, 2019, in Clear Violation of Governing Policy for "In-take" of a Grievance for process. (See: attached #6(c)) In January 20th, 2020, Plaintiff Mr. Gary Wall #1133749, presented the facts of being Arbitrarily DENIED the available Kosher diet and was sent a response saying that Grievance was Denied. On February 10th, 2020, he appealed the denial of the Grievance as stated in paragraphs #15;...

(CONTINUES ON NEXT PAGE)

c.c. file
42 U.S.C. §1983; COMPLAINT
Continuation of: V. EXHAUSTION OF LEGAL REMEDIES, at paragraph #21, of page: four

(CONTINUATION OF: V. EXHAUSTION OF LEGAL REMEDIES, at paragraph #21, of page: four)
#16; and #17 of Section IV. STATEMENT OF FACTS, of this Complaint.

## VI. LEGAL CLAIMS:

22. Plaintiff realleges and incorporates by reference paragraphs #1 through #22.

### CLAIM-I: VIOLATION OF THE FIRST AMENDMENT;

23. The actions of Defendants M. ENGELKE; M. VARGO; and A. FULLER; of Violating plaintiff's Religious liberties by Arbitrarily Denying Plaintiff an available accommodated diet that coincides with his Religious Scrupples and teachings, where the diet and Scrupples were already established and the Kosher diet was available, as stated in paragraphs #8 through #21, of Section IV. STATEMENT OF FACTS, of this Complaint. Under the First Amendment of the UNITED STATES CONSTITUTION.

### CLAIM II: VIOLATION OF THE FOURTEENTH AMENDMENT;

24. The actions of Defendants M. ENGELKE; M. VARGO; and A. FULLER; of Arbitrarily Denying Plaintiff (a N.O.I. Observer) a diet request of an available Kosher diet that's available to the "Orthodox Jewish Sect" as stated in paragraph #8, through #21, of Section IV. STATEMENT OF FACTS of this Complaint in Violation of the Fourteenth Amendment under the UNITED STATES CONSTITUTION.

### CLAIM-III: VIOLATION OF THE RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT ("RLUIPA") §2000cc:

25. The actions of Defendants M. ENGELKE; M. VARGO; and A. FULLER; of Arbitrarily Denying Plaintiff (an N.O.I. Observer) a diet request of an available Kosher diet without restrictions Significantly inhibited or Constrained his Conduct or expression; meaningfully curtailed his ability to express adherence to his N.O.I. faith; or denied him reasonable opportunities to engage in those activities that were fundamental to his N.O.I. religion, Such as participating in Ramadan or any other available Obligatory Islamic Religious Service while receiving a Kosher diet as stated in paragraphs #8, through #21, of Section IV. STATEMENT OF FACTS of this Complaint in Violation of "RLUIPA" §2000-cc.

26. The Plaintiff has no plain, adequate or Complete remedy at law to redress the wrongs described herein. Plaintiff has been and will be continue to be irreparably injured by the conduct of the defendants unless this Court grants the declaratory and injunctive relief which plaintiff seeks.

## VII. PRAYER FOR RELIEF:

WHEREFORE, Plaintiff respectfully prays that this Court enters judgment granting Plaintiff:

(CONTINUED ON NEXT PAGE)

c.c. file
42 U.S.C. § 1983; COMPLAINT
Continuation of: VII. PRAYER FOR RELIEF, from page: five

27. A declaration that the [redacted] acts and Omissions described herein Violated plaintiff's rights under the Constitution and Laws of the United States.

28. A preliminary and permanent injunction ordering defendants M. ENGELKE; M. VARGO; and A. FULLER; to allow observers of the Muslim faith that adhere to the teachings prescribed in "HOW TO EAT TO LIVE", who request the available kosher or halal diet to receive this available "Voluntary" diet without having to DENOUNCE their Islamic affiliation and participation in their Obligatory Religious practices (i.e. Ramadan and Services)

29. NOMINAL DAMAGES IN THE AMOUNT OF: $1.00;

30. COMPENSATORY DAMAGES IN THE AMOUNT OF: $5,000.00, against each defendant, jointly and Severally;

31. PUNITIVE DAMAGES IN THE AMOUNT OF: $10,000.00, against each defendant.

32. Plaintiff's cost in this suit;

33. Any additional relief this Court deems just, proper, and equitable.

dated: 12/20/2020

Manny Wolf #1133749
Respectfully Submitted

VERIFICATION

I have read the foregoing Complaint and hereby verify that the matters alleged therein are true, except as to those matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and Correct.
EXECUTED AT: POUND, VIRGINIA on: DECEMBER 20th, 2020

Manny Wolf #1133749
Respectfully Submitted

CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of JANUARY 2021, I mailed a copy of the foregoing: 42 USC §1983; Complaint w/ 12 Attachments & Summons; to Respondents: UNITED STATES DISTRICT COURT CLERK; 210 FRANKLIN ROAD, S.W. Suite-540, ROANOKE, VIRGINIA 24011-2208, by First Class Mail.

Manny Wolf #1133749
Respectfully Submitted

(6) (page: Six of: 6)

MR. GARY WALL #1633749
% RED ONION STATE PRISON
POST OFFICE BOX 1900
POUND, VIRGINIA 24279-1900

$3.20
11.202

VA DOC HAS
INSPECTED
DOES NOT A
FOR ITS CO

RECEIVED
DATE
JAN 21 2021
MAILROOM

TO: UNITED STATES DISTR
(of the WESTERN DISTRI
210 FRANKLIN ROAD
ROANOKE, VIRGINIA

ATTENTION:
LEGAL CORRESPONDANCE:
"LEGAL MAIL"

NEITHER CENSORED OR
THIS ITEM. THE DEPARTMENT
SSUME ANY RESPONSIBILITY
TENTS



U.S. POSTAGE >> PITNEY BOWES

ZIP 24279  $ 003.20⁰
02 4W
0000366944 JAN 20 2021

CT COURT CLERK
- of VIRGINIA )
S.W. SUITE - 540
4011-2208